IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**VANGRACK, AXELSON &** :
**WILLIAMOWSKY, P.C.,** :
: 
    **Plaintiff** :
:
    v. : Civil No. PJM 02-2662
:
**THE ESTATE OF MEHRU ABBASI,** :
**et al.** :
:
    **Defendants** :

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, VAN GRACK, AXELSON & WILLIAMOWSKY, P.C. ("VAW"), by and through its counsel, Lawrence S. Jacobs and the firm of Lawrence S. Jacobs & Associates, P.C., hereby moves this honorable court to grant it partial summary judgment against the Defendant Estate, and as grounds therefore states as follows:

1. There are no genuine issues of material facts in dispute as to Plaintiff's claim of $76,610.15.

2. Plaintiff is entitled to judgment as a matter of law as to its claim against the Estate in the amount of $76,610.15 because:

    a. The Estate's assets are encumbered by valid fee orders.

    b. VAW has an attorney's lien for all of the services that led to the Maryland Real Estate Commission's judgment award.

    c. Despite an order changing the Estate's domicile, the Estate must still abide by all orders with respect to the ancillary property.

3. The attention of the court is respectfully addressed to the Memorandum of Points and Authorities attached hereto and made a part hereof, as well as Plaintiff's Statement of Material Facts Not in Dispute.

WHEREFORE, Plaintiff, VAW, respectfully requests:

1. That this honorable court grant its motion for partial summary judgment against the Estate.

2. That VAW be awarded a judgment for Seventy Six Thousand Six Hundred Ten and 15/100 Dollars ($76,610.15) against the Estate.

3. That the court order the disbursement of this sum from the funds now being held in the Registry of the Court.

4. That the balance of the funds continue to be held in the Registry of the Court, pending further action of the Orphan's Court for Montgomery County and this court.

 

Respectfully submitted,
LAWRENCE S. JACOBS &
ASSOCIATES, P.C.


By: _____
Lawrence S. Jacobs     #02125
Suite 400
110 N. Washington St.
Rockville, MD 20850
(301) 738-8220

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

On the _____ day of April, 2003, copies of the foregoing Motion for Partial Summary Judgment, Memorandum of Points and Authorities in Support of the Plaintiff's Motion for Partial Summary Judgement and Statement of Material Facts Not in Dispute, were mailed, postage prepaid to:

Athar Abbasi, M.D.
707 Anderson Avenue
Rockville, Maryland 20850

Andrew Woodson Stuart, Esq.
2315 Wisconsin Ave., NW, 2nd Floor
Washington, DC 20007

_____
Lawrence S. Jacobs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VANGRACH, AXELSON & : 
WILLIAMOWSKY, P.C., :
 :
    Plaintiff :
 :
    v. : Civil No. PJM 02-2662
 :
THE ESTATE OF MEHRU ABBASI, :
et al. :
 :
    Defendants :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, VANGRACK, AXELSON & WILLIAMOWSKY, P.C. (hereinafter "VAW"), by and through its attorneys Lawrence S. Jacobs and the firm of Lawrence S. Jacobs & Associates, P.C., files this memorandum in support of the Plaintiff's Motion for Partial Summary Judgment and says as follows:

**Background**

The Estate of Mehru Abbasi was opened in 1996 in Montgomery County, Maryland, upon the petition of Athar Abbasi, Irfath Abbasi and Rafat Abbasi. On or about May 21, 1999, VAW began performing legal services for the Estate and its Personal Representative, Athar Abbasi (hereinafter "Athar"). VAW and Abbasi signed a retainer agreement which outlined the costs and terms of the legal services that VAW would provide to the Estate. This agreement was signed by Athar Abbasi, who also personally guaranteed the payment of fees. VAW provided legal services to the Defendant Estate as its attorney of record in the action

entitled Estate of Mehru Abbasi filed in the Orphan's Court for Montgomery County, Maryland, Estate No. 1996-1358 from 1999 to early 2002.

VAW assisted the Estate with recovering misappropriated dollars from certain third-party realtors who had defrauded the Estate. VAW obtained a judgment in the Circuit Court for Montgomery County in the amount of $329,127.84 against each of the realtors, Ann Miller and Hyatt Nassar. In order to attempt to make the estate whole, VAW initiated ten complaints against the Guaranty Fund administered by the Maryland Real Estate Commission, one for each of the ten parcels of real property owned by the Estate, against each of the managing realtors. An Administrative Hearing was conducted to adjudicate the fraud causes of action asserted by the Estate. After the Administrative hearing, the Administrative Judge awarded the Estate the sum of One Hundred Sixty-eight Thousand Four Hundred Twenty Six dollars and Forty-Six cents ($168,426.46), the largest amount ever awarded to a claimant. The award by the Administrative Judge was affirmed by the Real Estate Commission.

VAW has not been paid any of the fees owed to it for legal services rendered, as required by the written retention agreement between them. On or about July 12, 2002, a notice of Attorney's Lien was hand delivered to Athar Abbasi[1] on behalf of the defendant Estate, and delivered to the Real Estate Commission, pursuant to Rule 2-652(b) of the Maryland Rules. Initially, the Commission retained control over the disputed amounts.

The Commission later filed an interpleader action in the Circuit Court for Montgomery County, Maryland. The Estate filed a notice of removal to transfer the case to this court, based on the alleged domicile of the estate and the diversity between the two defendants (the Estate

---

[1] Upon information and belief, Athar Abbasi is the Personal representative of the ancillary estate pending in Montgomery County, and agent now of the Estate pending in Karachi, Pakistan,.

and VAW)[2]. The Estate, pursuant to Rule 56(c), filed a motion for summary judgment; VAW filed an opposition to the motion for summary judgment. The Court denied Athar's Motion for Summary Judgment and laid the foundation for the instant motion. On or about January 29, 2003, the Estate responded to VAW's request for admissions. In their response, the Estate attested to the genuiness of most of the exhibits that prove that the Estate owes VAW the full amount of its fees. Based on the admissions of the Estate, there are no material facts in dispute. Furthermore, as a matter of law, VAW is entitled to a judgment in its favor.

## ARGUMENT

### THE MOVING PARTY IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE ARE NO MATERIAL FACTS IN DISPUTE AND VAW IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

#### A. THE MATERIAL FACTS ARE NOT IN DISPUTE; THEREFORE VAW IS ENTITLED TO SUMMARY JUDGMENT.

The material facts presented by VAW are not disputed. A party is only entitled to summary judgment if it establishes that there are no material facts in dispute. Cleotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). "If the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The facts as alleged by VAW are substantiated by the documents signed by Athar Abbasi personally and on behalf of the Estate of Mehru Abbasi. (See Statement of Undisputed Facts in VAW's Motion for Summary Judgment.) These signed documents include:

---

[2] 28 U.S.C. § 1335 requires only minimal diversity between claimants in an interpleader action.

1) the Legal Services Agreement dated May 21, 1999,

2) Order Appointing Successor Personal Representative dated June 4, 1999,

3) Supplemental Memorandum of Points and Authorities in Support of Changing Domicile of Decedent to Pakistan filed on March 27, 2000,

4) Administrative Order,

5) Petition for Allowance of Interim Counsel Fees dated December 19, 2000,

6) Petition for Allowance of Interim Counsel Fees dated May 25, 2000,

7) Order dated December 21, 2000,

8) Order dated January 17, 2001,

9) Promissory Note dated December 18, 2000 and

10) Deed of Trust.

### B.  VAW IS ENTITLED TO JUDGMENT AS MATTER OF LAW.

As a matter of law, VAW is entitled to summary judgment in its favor. Summary judgment is proper where the moving party is entitled to judgment as a matter of law. Id.

#### 1.  VAW should be compensated for the services it rendered to the Estate and its Personal Representative, Athar Abbasi.

VAW is entitled to pursue a claim for its fees for legal services. In Skeens v. Miller, 331 Md. 331, 335, 628 A.2d 185, 187 (1993), the Maryland Court of Appeals held that "if representation is terminated by client without cause or by the attorney without justification, the attorney is entitled to be compensated for the reasonable value of legal services rendered prior to termination."

VAW provided the Estate and Athar Abbasi, in his fiduciary capacity, with valuable legal services. "An attorney is entitled to reasonable compensation for legal services rendered

by him to the estate and/or the personal representative." Md. Code Ann. Est. & Trusts §7-602(a). See also <u>Saint Ignatius Roman Catholic Congregation, Inc., et al. v. Harvey</u>, 268 Md. 634, 303 A.2d (1973). The complexities of the Abbasi Estate required considerable time and effort by VAW. (See Statement of Material Facts Not in Dispute.) In order to preserve the Estate, for potential causes of action with the Maryland Real Estate Commission, VAW had to pursue all motions filed by other parties against the Estate, respond to court orders and answer inquiries from interested persons. In addition, VAW participated in several hearings concerning actions of the Special Administrator and prior personal representatives and attorneys for such persons. Additionally, VAW prepared and submitted many motions and memoranda to the Orphan's Court of Montgomery County, and VAW corresponded with the Personal Representative, claimants and interested persons as the Estate's attorney. At no time did Athar Abbasi object to the services rendered by VAW or to the charges therefore.

After expending approximately 900 hours on preserving the Estate, VAW and Athar Abbasi jointly filed a petition for an allowance of interim counsel fees. The basic rules on estate administration in Maryland require the Estate to compensate the attorney for rendering legal services to the Estate.

### 2. The Estate's assets are encumbered by valid fee orders.

Athar Abbasi twice filed petitions for counsel fees that were approved by the Orphan's Court. The Estate filed the Petitions and waived its right to appeal the orders awarding VAW's fees in the amount of $76,610.15. Maryland Rule 6-416 (4) - (6) states:

> Attorney's fees or personal representative commissions:
>
> (4) Allowance by court. Upon the filing of a petition, the court, by order, shall allow attorney's fees or Personal Representative's commissions as it considers appropriate, subject to any exceptions.

> (5) Exception. An exception shall be filed within 20 days after service of the petition and notice and shall include the grounds therefor in reasonable detail. A copy of the exception shall be served on the Personal Representative.
>
> (6) Disposition. If timely exceptions are not filed, the order of the court allowing attorney's fees or Personal Representative commission becomes final.

In accordance with the aforementioned rule, interested persons, including Athar Abbasi, had an opportunity to file an objection to the attorney's fees. See also Md. Code Ann. Est. & Trusts 7-602(b). No person filed an objection. By failing to file a timely objection, the Estate and the interested persons are collaterally estopped from doing so.

### 3. VAW has an attorney's lien for all of the services that led to the Maryland Real Estate Commission's judgment award.

VAW properly asserted a lien and brought an action to execute the lien for the value of the services it provided to the Estate of Mehru Abbasi, pursuant to its Legal Services Agreement and Md. Ann. Code, Business Occupations & Professions 10-501. The Legal Services Agreement says, in pertinent part: "You agree that the firm has alien on any claim or cause of action arising out of this matter, as security for payment of our fees and expenses." Section 10-501 of the Md. Code Ann. Code Bus. Occ. & Prof. states that:

> "(a) In general- subject to subsection 9b) of this section, an attorney at law has lien on: (1) an action or proceeding of a client of the attorney at law from the time the action or proceeding beings; and (2) a judgment or award that a client receives as a result of legal services that the attorney at law performs.
>
> (b) Limited to a fee agreement - A lien under this section attaches only if, and to the extent that, under a specific agreement between an attorney at law and a client, the client owes the attorney at law a fee or other compensation for legal services that produced the judgment or award."

See also Maryland Rule 2-652 (2003).

In order to secure a judgment from the Maryland Real Estate Commission, VAW had

to secure Athar Abbasi's appointment as Personal Representative and become the attorneys for the Estate; therefore VAW's lien necessarily extends to all services rendered to the Estate and Athar Abbasi. In Skelton v. Spencer, 102 Idaho 69, P.2d 1072 (1981), the court held that a "charging lien has been held to extend to charters for fees or disbursements in suits incident to, or growing out of, the principal object of the employment." VAW had to perform multiple legal services for the Estate to preserve it for the purpose of pursing the claim against the Maryland Real Estate Commission. Before VAW could pursue claims on behalf of the Estate, VAW had "to analyze the facts and legal options as an interrelated whole as determinations made in one areas of complex litigation would certainly affect others." Id at 44, 1077. For example, the Estate required research in several areas of Trust and Estate law. There were accountings, appointments, and some real estate issues that were all related to VAW's services that led to a judgment from the MREC.

All of the fees related to administering the Estate are interdependent with the judgment from the MREC. "Case law supports recognition of the nature of such interdependent actions and the single assertion of a lien to secure compensation for the services provided therein." Id. The Skelton court also cited Aburzzo, which held "that the attorneys were entitled to assert a lien coextensive with the services they has performed in all estate related proceedings . . . to hold otherwise, the court said, and deny the interrelationship and the ability of attorneys to assert and enforce the lien, would be absurd." Id. Courts have held that the **substance of the representation** is more important than the form of the action. A law firm may pursue several matters for their client, but those actions may all be interrelated. In form, the cause of actions may appear as separate billable hours, but **in substance** they are all interconnected. At first glance, the appointment of Athar Abbasi and other matters related to the Estate in the

Orphan's Court of Montgomery County may seem separate from the MREC judgment. However, the MREC action is substantively related to most of VAW's services for the Estate.

### 4. Despite an order changing the Estate's domicile, the Estate must abide by all orders with respect to the ancillary property.

The Montgomery County Orphan's Court order changing of the domicile of the decedent did not abolish the court's ability to administer property located in Maryland. This Court has already held that it may exert jurisdiction in Maryland for purposes of administering the Maryland real property. Wright v. Nugent, 23 Md. App. 337, 328 A.2d 362 (1974) (holding that the Maryland courts may exert authority over a foreign estate with an ancillary administration in the state of Maryland.) Under Md. Code Ann. Est. & Trusts 2-102(a) regarding powers of the Orphan's Court, the court may "direct the conduct of a Personal Representative and pass orders which may be required in the course of the administration of an estate of a decedent." See also Willoner v. Davis, 3 Md. app. 444, 449 (1976) (citations omitted). Based on the rights associated with an ancillary administration, the Estate must comply with the Orphan's Court orders.

### CONCLUSION

VAW successfully preserved the Estate and procured a related judgment from the MREC and the Circuit Court for Montgomery County. At minimum, VAW is entitled to the fees that were already approved by the Montgomery County Orphan's Court. Athar Abbasi, on behalf of the Estate, signed a petition for allowance of interim counsel fees to VAW. The court ordered that VAW was entitled to at least Seventy-Six Thousand Six Hundred Ten and 15/100 Dollars ($76,610.15) in fees. As Maryland courts retained power over the ancillary administration, Abbasi and the estate must comply with the orders from the court. VAW has

placed a lien on the MREC judgment because that judgment was a by-product of VAW's legal efforts on behalf of the Estate. The interconnectivity of the MREC action and the other Estate causes of action warrants an attorney's lien that is equivalent to all of the services performed for the Estate.

I SOLEMNLY SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT I HAVE READ THE FOREGOING MEMORANDUM AND THAT THE FACTS CONTAINED THEREIN ARE TRUE AND ACCURATE AND ARE BASED ON MY PERSONAL KNOWLEDGE.

_____
Jeffrey M. Axelson

Respectfully submitted,

LAWRENCE S. JACOBS & ASSOCIATES, P. C.

By: _____
Lawrence S. Jacobs   #02125
Suite 400
110 North Washington Street
Rockville, Maryland 20850
(301) 738-8220

Attorneys for Plaintiff